



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700
Newark, NJ 07102

973/645-2700

SWC/PL AGR
2007R00752

February 6, 2009

Dwight H. Simon Day, Esq.
Law Office of Dwight H. Simon Day, LLC
17 Academy Street, Suite 610
Newark, NJ 07102

Re: Plea Agreement with Dereck Hounakey

Dear Mr. Day:

This letter sets forth the plea agreement between your client, Dereck Hounakey, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Dereck Hounakey to count 11 of the Superseding Indictment, Criminal No. 07-785 (JLL), which charges Dereck Hounakey with conspiracy to commit forced labor, trafficking with respect to forced labor, and document servitude, contrary to 18 U.S.C. §§ 1589, 1590, and 1592, in violation of 18 U.S.C. § 371. If Dereck Hounakey enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Dereck Hounakey for aiding and abetting others in committing visa fraud; smuggling illegal aliens; conspiring to commit forced labor, trafficking with respect to forced labor, document servitude, and harbor illegal aliens; providing and obtaining forced labor; and trafficking with respect to forced labor, from in or about October 2002 through on or about September 6, 2007. In addition, if Dereck Hounakey fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss counts 5, 10, 16, 20, 21, and 22 of the Superseding Indictment, Criminal No. 07-785 (JLL), as to Dereck Hounakey. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Dereck Hounakey may be commenced against him, notwithstanding the expiration of the limitations period after Dereck Hounakey signs the agreement.

Sentencing

The violations of 18 U.S.C. § 371 to which Dereck Hounakey agrees to plead guilty carries a statutory maximum prison sentence of 5 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Dereck Hounakey is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Dereck Hounakey ultimately will receive.

Further, in addition to imposing any other penalty on Dereck Hounakey, the sentencing judge: (1) will order Dereck Hounakey to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Dereck Hounakey to pay restitution pursuant to 18 U.S.C. §§ 1593 and 3663A; (3) may order Dereck Hounakey, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and (5) pursuant to 18 U.S.C. § 3583, may require Dereck Hounakey to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Dereck Hounakey be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dereck Hounakey may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Dereck Hounakey by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dereck Hounakey's activities and relevant conduct with respect to this case.

Stipulations

This Office and Dereck Hounakey agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Dereck Hounakey from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Dereck Hounakey waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture and Abandonment

Dereck Hounakey consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title and interest in the property seized on September 6, 2007, from 71 North 18th Street, First Floor, East Orange, New Jersey; 360 South 7th Street, Second Floor, Newark, New Jersey; and Newark Hair Braiding Salon, 468 18th Avenue, Newark, New Jersey, specifically approximately $2,900 in cash.

Dereck Hounakey waives all challenges of any kind to the forfeiture and abandonment of the property by federal, state, and/or local law enforcement. Dereck Hounakey further waives any additional notice requirement in connection with the forfeiture and abandonment of the property and consents to the destruction of the forfeited and abandoned property at the discretion of federal, state, and/or local law enforcement.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dereck Hounakey. This agreement does not prohibit the United States, any agency thereof (including Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Dereck Hounakey.

No Other Promises

This agreement constitutes the plea agreement between Dereck Hounakey and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RALPH J. MARRA, JR.
Acting United States Attorney

By: SHANA W. CHEN
Assistant U.S. Attorney

APPROVED:

Joseph N. Minish
Chief, Public Protection Unit

- 4 -

       I have received this letter from my attorney, Dwight H. Simon Day, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: 02-24-09
Dereck Hounakey

_____  Date: 2/24/2009
Dwight H. Simon Day, Esq.

Plea Agreement With Dereck Hounakey

Schedule A

1. This Office and Dereck Hounakey recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Dereck Hounakey nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Dereck Hounakey within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Dereck Hounakey further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case. Pursuant to U.S.S.G. § 2X1.1(a), the Base Level is the guideline for the substantive offense plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. The guideline for the substantive offense of forced labor, trafficking for forced labor, and document servitude is U.S.S.G. § 2H4.1. This guideline carries a Base Offense Level of 22.

3. Specific Offense Characteristic § 2H4.1(b)(3)(A) applies because victims were held in a condition of peonage and involuntary servitude for more than one year. This Specific Offense Characteristic results in an increase of 3 levels.

4. Dereck Hounakey knew or should have known that the victims were vulnerable victims, pursuant to U.S.S.G. § 3A1.1(b)(1). This results in an increase of 2 levels.

5. Dereck Hounakey was a minor participant in the relevant criminal activity, pursuant to U.S.S.G. § 3B1.2(b). This results in a decrease of 2 levels.

6. As of the date of this letter, Dereck Hounakey has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Dereck Hounakey's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Dereck Hounakey has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Dereck Hounakey enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Dereck Hounakey's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Dereck Hounakey will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Dereck Hounakey is 22 (the "agreed total Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 22 is reasonable.

10. Dereck Hounakey knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 22. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 22. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.