**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Nancy Hoppock*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

July 10, 2009

Hon. Jose L. Linares
Martin Luther King, Jr. Federal Building
  & Courthouse
50 Walnut Street
Newark, New Jersey 07102

     Re:  United States v. Lassissi Afolabi
          <u>Crim. No. 07-785</u>

Dear Judge Linares:

    Today the Government informed John P. McGovern, Esq., counsel to defendant Lassissi Afolabi, of a typographical error in Count Twenty-three of the Superseding Indictment. Count Twenty-three charges defendant Lassissi Afolabi with traveling in interstate commerce with intent to engage in illicit sexual activity with a minor, in violation of 18 U.S.C. § 2423(b). Count Twenty-three alleges in pertinent part that defendant Lassissi Afolabi,

> "...did knowingly travel in interstate commerce from New Jersey to North Carolina for the purpose of engaging in illicit sexual conduct, that is sexual <u>contact</u>, as that terms is defined in 18 U.S.C. § 2246, with a person under the age of eighteen..."

The typographical error is that the word <u>contact</u> should be <u>act</u>. 18 U.S.C. § 2423(f)(1) defines "illicit sexual activity" as "a sexual <u>act</u> (as defined in section 2246) with a person under 18 years of age..." Pursuant to 18 U.S.C. § 2246, the meaning of "sexual act" includes genital to genital penetration however slight. "Sexual contact" is defined elsewhere in Section 2246, however, conduct falling within the meaning of that phrase does not fall within the ambit of the offense charged in Count Twenty-three; only the more serious "sexual act" falls within the ambit of §2423(b).

    Although the word "contact" appears in Count Twenty-three instead of "act," the Grand Jury was properly charged. An excerpt of the Grand Jury Transcript from January 15, 2009, containing the portion of the charge pertaining to that element

is attached. Specifically, the Grand Jury was asked to consider whether there was "probable cause to believe that the defendant crossed the state line with...the intent to engage in a sexual act, that is, intercourse with (the named victim).[1]

The Government has provided Mr. McGovern with a copy of the excerpt from the charge to the Grand Jury and requested that his client consent to a motion by the Government to correct this typographical error to comport with what the Grand Jury actually found, and what the statute provides.

Courts have implicitly recognized that there is no absolute requirement that a grand jury amend an indictment. Corrections to typographical errors or other ministerial changes do not necessarily impermissibly broaden an indictment and have been allowed. United States v. Dowdell, 464 F. Supp. 2d 64, 66 (D. Mass 2006)(citing United States v. Rivera-Ruiz, 244 F. 3d 263 (1st Cir. 2001 and collecting other cases). An amendment to an indictment is allowed if it does not change an essential or material element so as to cause prejudice to the defendant. United States v. Cina, 699 F.2d 853, 856 (7th Cir. 1983)(citing Russell v. United States, 369 U.S. 749, 763-64 (1962) and collecting other cases).

Should defendant Lassissi Afolabi refuse to consent to the proposed correction, the Government will seek guidance from the Court, however, it is inclined to represent evidence related solely to Count Twenty-three to the Grand Jury, seek a new indictment for that offense, and then later move to dismiss Count Twenty-three as superseded, and move to consolidate the newly obtained single-count indictment with the Afolabi, et al. Superseding Indictment now pending before the Court. Because defendant Lassissi Afolabi has been on notice of these charges since January of 2009, and because the new charge would merely be a superseding charge to correct a typographical error, it would

---

[1] The Government inadvertently heighten its burden as to the victim's age. For this offense, the Government need only establish that the victim was under 18. The Grand Jury was asked to find if the victim was more than 12 but less than 16 years old.

be the Governments position that these events in no way should delay the trial in this matter.

                        Respectfully submitted,

                        RALPH J. MARRA, JR.
                        Acting U.S. Attorney

By:  Nancy Hoppock
     Deputy Chief, Criminal Division

cc:  John P. McGovern, Esq.
     Bukie O. Adetula, Esq.
     Michael Baldassare, Esq.

```
14   the c..                              :onsider.

15           Okay.  Last count, Count 23.  Count 23 just

16   charges defendant Lassissi Afolabi with a violation of

17   Title 18, Section 2423B and 2, that is, the indictment

18   alleges that he traveled in interstate commerce on or about

19   March 4th of 2006 from New Jersey to North Carolina

20   specifically for the purpose of engaging in illicit sexual

21   activity with Sroda.  The definition of illicit sexual

22   activity under our law, and for purposes of this count, is

23   defined in Section 2246 and it includes sexual intercourse

24   by penetration.  You must consider -- you must decide

25   whether there is probable cause to believe that the
```

FREE STATE REPORTING, INC.
Court Reporting Transcription
D.C. Area 301-261-1902
Balt. & Annap. 410-974-0947

*not contact*

1 | defendant crossed the state line with that intent, with
2 | the intent to engage in a sexual act, that is, intercourse
3 | with S███. And you must consider whether there is
4 | probable cause to believe that S███ was more than 12 years
5 | old, but less than 16 years old at the time, and at that
6 | time the defendant was at least four years older than her.

24 | about the law and how it applies to the facts of this case?
25 | Okay. Seeing no hands, then we will leave you to

FREE STATE REPORTING, INC.
Court Reporting Transcription
D.C. Area 301-261-1902
Balt. & Annap. 410-974-0947