```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


    UNITED STATES OF AMERICA,     :   HONORABLE JOSE L.LINARES
                                  :
      v.                          :   CRIM NO.: 07-785 (JLL)
                                  :
    AKOUAVI KPADE AFOLABI,        :
    a/k/a "Gloria Lawson,"        :
    a/k/a "Sister,"               :
    a/k/a "Celine,"               :
    LASSISSI AFOLABI,             :
    a/k/a "Fovi,"                 :
    a/k/a "Bogard," and           :
    GEOFFRY KOUEVI                :
    a/k/a "Kangni"                :
                                  :
```

_____

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
THE UNITED STATES MOTIONS *IN LIMINE*
_____

JULY 13, 2009

**LAW OFFICE OF JOHN P. McGOVERN**
221 Washington St. 2nd Floor
Newark, New Jersey 07101
(973)313-1500
Attorney for the Defendant Lassissi Afolabi

TABLE OF CONTENTS

INTRODUCTION ............................................... 1

STATEMENT OF FACTS ......................................... 1

ARGUMENT ................................................... 1

  I. THE AFRICA ACTS THE GOVERNMENT SEEKS TO INTRODUCE
  DIRECTLY IMPACT THE EVALUATION OF DEFENDANTS' CHARACTER
  AND IS THUS PROHIBITED .................................. 2

    A. ALLEGED BEHAVIOR WHILE IN TOGO AFRICA, PRIOR TO THE
    TIME PERIOD OF THIS INDICTMENT IS NOT INTRINSIC TO THE
    CASE AT HAND AND SHOULD BE EXCLUDED..................... 3

    B. ACTS WHICH TOOK PLACE PRIOR TO THE CONSPIRACY ON A
    DIFFERENT CONTINENT IS NOT WITHIN THE EXCEPTION AFFORDED
    BY RULE 404(B).......................................... 4

    C. THE AFRICA ACTS MUST BE EXCLUDED FOR ADDITIONAL
    REASONS UNDER RULE 403 ................................. 7

  II. THE PREVENTION OF THE USE OF OUT OF COURT STATEMENTS
  BY THE DEFENSE IS OVERBROAD AND INCONSISTENT WITH THE
  ESTABLISHED EXCEPTIONS TO THE HEARSAY RULE. ............. 8

CONCLUSION ................................................. 9

Table of Authorities

**Cases**

*United States v. Blyden*,
 964 F.2d 1375 (3d Cir. 1992) ......................................................................... 6

*United States v. Cross*,
 308 F.3d 308 (3d Cir. 2002) ................................................................. passim

*United States v. Saintil*,
 753 F2.d 984 (11th Cir. 1985) ................................................................. 9, 10

*United States v. Sriyuth*,
 98 F.3d 739 (3d Cir. 1996) ........................................................................... 6

**Rules**

Fed. R. Evid. 801 ............................................................................................... 5, 11

Fed. R. Evid. 403 ............................................................................................ 5, 9, 10

Fed. R. Evid. 404 ................................................................................................. 5, 7

INTRODUCTION

Defendant Lasissi Afolabi (hereinafter "Defendant Afolabi") is charged in multiple counts of a twenty-three count indictment along with co-defendants Akouavi Kpade Afolabi (hereinafter "Defendant Kpade") and Geoffry Kouevi (hereinafter "Defendant Kouevi."  On July 07, 2009, The United States of America (hereinafter "The Government") filed motions *in limine* with regard to various evidentiary issues.  The motions included a motion filed under the guise of Federal Rule of Evidence 404(b) to allow The United States to admit into evidence alleged prior acts outside the scope of the indictment.  The Government further moved to preclude defense statements made out-of-court, incorrectly asserting that such statements violate the hearsay rule. This memorandum is submitted in opposition of The Government's motions *in limine*.

STATEMENT OF FACTS

This Court is familiar with the general facts surrounding this case.  Defendant Afolabi will rely on the Court's knowledge of the facts as they stand prior to trial, and will highlight those particular facts relevant to the issues at hand within the argument.

ARGUMENT

1

The Government's motions *in limine* should be denied. The acts that The Government seek to introduce are prohibited character evidence under Federal Rule 404. *See* Fed. R. Evid. 404. The Government's implication that the acts are within the exception afforded under Federal Rule 404(b) is inconsistent with the intent and application of that section of the rule. *See United States v. Cross*, 308 F.3d 308, 320 (3d Cir. 2002). It is further barred as unduly prejudicial. *See* Fed. R. Evid. 403. Finally, The Government asserts that this Court should "preclude any of the defendants from offering their own statements under Rule 801(d)(2)." Memorandum Of The United States In Support Of Its Motions *In Limine* at 20, United States v. Afolabi et. als., NO. 07-785 (D.N.J. Jan 15, 2009). This assertion is overbroad and overlooks the recognized exceptions to the hearsay preclusion. *See* Fed R. Evid. 801. The Government's motions should be denied in total.

> I.  THE AFRICA ACTS THE GOVERNMENT SEEKS TO INTRODUCE DIRECTLY IMPACT THE EVALUATION OF DEFENDANTS' CHARACTER AND IS THUS PROHIBITED

The United States seeks to introduce evidence of acts (hereinafter "the Africa acts")of voodoo practice and physical altercations by Defendant Kpade, it alleges took place in Togo, Africa prior to the time period of this

2

indictment.  The allegations, regardless of veracity, will directly impact a reasonable juror's evaluation of the Defendants' character and thus cause them to convict Defendants as a result of their prior inadmissible acts. Despite The Government's efforts to shield the inadmissibility of the Africa acts by mischaracterizing them as evidence of planning, their true motive is apparent.  The United States should not be allowed to benefit from the use of prior acts character evidence by merely claiming it has an alternative purpose.

### A. ALLEGED BEHAVIOR WHILE IN TOGO AFRICA, PRIOR TO THE TIME PERIOD OF THIS INDICTMENT IS NOT INTRINSIC TO THE CASE AT HAND AND SHOULD BE EXCLUDED.

The United States improperly seeks to enter evidence alleging physical abuse and the practice of religious ceremonies in Togo, Africa which is not intrinsic to the case at hand.  The Third Circuit has held that facts are only intrinsic "when they directly prove the charged conspiracy ...." *Cross* 308 F.3d at 320 (emphasis added) (holding that intrinsic facts are those that go directly to proving the conspiracy in question).  The standard is made more rigid by requiring the evidence be ""necessary to establish an element of the offense being tried." *United*

*States v. Sriyuth*, 98 F.3d 739, 747 (3d Cir. 1996) (quoting *United States v. Blyden*, 964 F.2d 1375, 1378 (3d Cir. 1992)).  The Government's expansion of this requirement, to include any prior history that in retrospect could tangentially be looked upon as a potential predictor of future events, goes too far.

> B. <u>ACTS WHICH TOOK PLACE PRIOR TO THE CONSPIRACY ON A DIFFERENT CONTINENT IS NOT WITHIN THE EXCEPTION AFFORDED BY RULE 404(B).</u>

Rule 404(b) allows for narrow exceptions in rare instance which allow the introduction of prior extrinsic acts into evidence. *See* Fed. R. Evid. 404(b) ("It may. . . be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident ....").  To determine the individual instance when extrinsic prior act evidence may be admissible, the Third Circuit employs a narrow four part test: (1) the purpose of the evidence must be proper (specifically it cannot be to prove the character of the defendant); (2) the relevancy of the act must satisfy Rule 402; (3) the prejudicial nature of the evidence must not exceed its probative value under Rule 403; and (4) a judicial instruction explaining and limiting the use of the

4

evidence to solely the purpose for which it is being allowed must be given.  *See Cross*, 308 F.3d at 320.  The Africa acts does not satisfy this rigid standard.

The Africa acts are neither offered for proper purpose, nor are they relevant to the conspiracy in question.  The assertion that Defendant used force to compel obedience on an individual over 6,000 miles away from where the present acts took place in the United States, during a time period prior to when the controversy in question allegedly began, goes to the sole improper purpose of character.  They clearly cannot go to motive, and to assert that it goes to planning is to say that Defendants' somehow knew that not, only would they be awarded a visa through a random lottery process, but they would then be able to afford to move to the United States and establish a means by which to conduct the currently alleged criminal behavior.  Similarly, the relevance of the evidence is questionable at best.  The Government argues that the evidence is necessary to establish the reasonableness of a fear inferred by the alleged victims meanwhile arguing that the reasonableness of the girls fear need only be established by viewing them as reasonable individuals from a foreign background who do not speak the language and are voluntarily separated from their family.

5

Even granting for the sake of argument the first two tests, the extrinsic Africa acts fail the third test balancing the prejudicial and probative value as required by rule 403.  *See Cross*, 308 F.3d at 320.  "[I]f [the proffered evidence's] probative value is substantially outweighed by the danger of unfair prejudice," it must be excluded.  Fed. R. Evid. 403.  The Eleventh Circuit has grappled with and made narrow exception allowing evidence of alleged voodoo practices be admitted to establish situational control *during the act of the conspiracy*.  *See United States v. Saintil*, 753 F2.d 984, 989 (11th Cir. 1985) (holding that the probative value of voodoo testimony outweighed the prejudice only because it took place during the commission of the conspiracy and went to determining control of the sea vessel).  The distinctions in the present case are clear.  There was no vessel to be controlled, nor were the alleged voodoo acts, highly prejudicial by their very nature, committed during the alleged conspiracy.  The probative value of showing that Defendants may have practiced voodoo activity in Togo prior to engaging in the charged conspiracy is far outweighed by the prejudicial effects it will have on the jury.

Finally, should this Court find that The Government has overcome the substantial burden of the first three

6

criteria, the Court must consider its ability to mitigate the collateral damage of the evidence, by instructing the jury in a manner which will compel them to, not only in theory but practically, restrict their consideration of the evidence to proper purposes. *See Cross*, 308 F.3d at 320. Even in the rare instance a court has allowed similar evidence, where the acts took place as part of and during the overt acts of the conspiracy, it has found it critical to address the limited purpose of the evidence throughout the entirety of the trial culminating with extensive, written instruction.  *See Saintil*, 753 F2.d at 989 ("The jury charge contained *three and half pages* of instructions… including an instruction that the case had nothing to do with voodoo or religion or the religious beliefs of the defendants…")(emphasis added).  In order to satisfy the requirement to overcome the inferences that would be made by jurors exposed to the Africa acts, this Court would have to go even further with its instructions.

### C. THE AFRICA ACTS MUST BE EXCLUDED FOR ADDITIONAL REASONS UNDER RULE 403

Admission of this evidence will violate Rule 403 because it will cause a waste of time during trial and confuse the jury. *See* Fed. R. Evid. 403.  To rebut the allegations of The Government, the defense will have to locate and have

7

testify witnesses to alleged events which took place prior to the start of the indictment period, in another continent.  Allowing this evidence to be presented would bring about a situation which Rule 403 specifically seeks to prevent.

> II. THE PREVENTION OF THE USE OF OUT OF COURT STATEMENTS BY THE DEFENSE IS OVERBROAD AND INCONSISTENT WITH THE ESTABLISHED EXCEPTIONS TO THE HEARSAY RULE.

The exclusion of *all* defense out-of-court statements is premature, inconsistent with the expressed exceptions to the hearsay and is too general to be appropriately moved for *in limine*.  A motion *in limine* by definition is designed to prevent the presentation of specific evidence which by its nature would be extraordinarily prejudicial and incapable of being cured through instruction at trial. *See Black's Law Dictionary* 1013 (6th ed. 1990).  The Government fails to specify which specific statements it means to exclude.  As such, it moves for a wholesale exclusion of all statements made out-of-court, and does not allow the defense to argue specific instances which are within the bounds of the hearsay exception.  *See* Fed. R. Evid. 801.  Furthermore, even in the one statement that it provides as a theoretical example, it fails to establish how mention of that statement would be so egregiously

8

prejudicial that it could not be cured by a simple instruction to disregard it. The Government's motion is overbroad and should be denied.

## CONCLUSION

For the foregoing reasons, the Defendants request this Court to deny The Government's motions *in limine* with respect to the admissibility of prior acts and blanket exclusion of out-of-court statements by the Defendants.

Respectfully submitted,

/S/ John P. McGovern

John P. McGovern

Attorney for the Defendant Lassissi Afolabi

## CERTIFICATION OF NO VIRUS

I hereby certify that this attachment contains no viruses.

By: _/s/ JOHN P. McGOVERN

Dated:  July 14, 2009