

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*  *973/645-2700*
*Newark, NJ 07102*

SWC/PL AGR
2007R00752

August 10, 2009

John P. McGovern, Esq.
Law Offices of John P. McGovern
221 Washington Street
Newark, NJ 07102

      Re:  <u>Plea Agreement with Lassissi Afolabi</u>

Dear Mr. McGovern:

      This letter sets forth the plea agreement between your client, Lassissi Afolabi, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Lassissi Afolabi to Counts 11, 13, and 23 of the Superseding Indictment, Criminal No. 07-785 (JLL), which charges Lassissi Afolabi in Count 11, with conspiracy to commit forced labor, trafficking with respect to forced labor, and document servitude, contrary to 18 U.S.C. §§ 1589, 1590, and 1592, in violation of 18 U.S.C. § 371; in Count 13, with providing and obtaining the forced labor of P.H, in violation of 18 U.S.C. §§ 1589 and 2; and in Count 23, with traveling for the purpose of engaging in illicit sexual conduct with S.X, in violation of 18 U.S.C. §§ 2423(b) and 2. If Lassissi Afolabi enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Lassissi Afolabi for conspiring to commit forced labor, trafficking with respect to forced labor, document servitude, and harbor illegal aliens from in or about October 2002 through on or about September 6, 2007; providing and obtaining forced labor from in or about October 2002 through on or about September 6, 2007; trafficking with respect to forced labor from in or about October 2002 through on or about September 6, 2007; and traveling from New Jersey to North Carolina for the purpose of engaging in illicit sexual conduct with a minor, S.X., on or about March 4, 2006. In addition, if Lassissi Afolabi fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 12, 14, 16-19, 21, and 22 of the Superseding Indictment, Criminal No. 07-785 (JLL), as to Lassissi Afolabi. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees

that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Lassissi Afolabi may be commenced against him, notwithstanding the expiration of the limitations period after Lassissi Afolabi signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 (Count 11) to which Lassissi Afolabi agrees to plead guilty carries a statutory maximum prison sentence of 5 years. The violation of 18 U.S.C. § 1589 (Count 13) to which Lassissi Afolabi agrees to plead guilty carries a statutory maximum prison sentence of life. The violation of 18 U.S.C. § 2423(b) (Count 23) to which Lassissi Afolabi agrees to plead guilty carries a statutory maximum prison sentence of 30 years. Each violation carries a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Lassissi Afolabi is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Lassissi Afolabi ultimately will receive.

Further, in addition to imposing any other penalty on Lassissi Afolabi, the sentencing judge: (1) will order Lassissi Afolabi to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Lassissi Afolabi to pay restitution pursuant to 18 U.S.C. §§ 1593 and 3663A; (3) may order Lassissi Afolabi, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 1594(b) and 28 U.S.C. § 2461(c); and (5) pursuant to 18 U.S.C. § 3583, may require Lassissi Afolabi to serve a term of supervised release of not more than 3 years on Count 11, and not more than 5 years each on Count 13 and Count 23, which will begin at the expiration of any term of imprisonment imposed. Should Lassissi Afolabi be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Lassissi Afolabi may be sentenced to not more than 2 years' imprisonment on Count 11, not more than 5 years' imprisonment on Count 13, and not more than 3 years' imprisonment on Count 23 in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Lassissi Afolabi by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Lassissi Afolabi's activities and relevant conduct with respect to this case.

Stipulations

This Office and Lassissi Afolabi agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Lassissi Afolabi from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Lassissi Afolabi waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture and Abandonment

Lassissi Afolabi consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title and interest in the property seized on September 6, 2007, from 169 South Clinton Street, First Floor and Basement, East Orange, New Jersey and Ashley Hair Braiding Salon, 406 Central Avenue, East Orange, New Jersey, including approximately $24,222 in cash.

Lassissi Afolabi waives all challenges of any kind to the forfeiture and abandonment of the property by federal, state, and/or local law enforcement. Lassissi Afolabi further waives any additional notice requirement in connection with the forfeiture and abandonment of the property and consents to the destruction of the forfeited and abandoned property at the discretion of federal, state, and/or local law enforcement.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Lassissi Afolabi. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Lassissi Afolabi.

Furthermore, the defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from his counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction and sentence.

No Other Promises

This agreement constitutes the plea agreement between Lassissi Afolabi and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RALPH J. MARRA, JR.
Acting United States Attorney

By: SHANA W. CHEN
Assistant U.S. Attorney

APPROVED:

_____
Nancy Hoppock
Deputy Chief, Criminal Division

      I have received this letter from my attorney, John P. McGovern, Esq., it has been translated for me into Ewe, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____      Date: 8/11/09
Lassissi Afolabi

_____      Date: 8/11/09
John P. McGovern, Esq.

## Plea Agreement With Lassissi Afolabi

### Schedule A

1. This Office and Lassissi Afolabi recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Lassissi Afolabi nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Lassissi Afolabi within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Lassissi Afolabi further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2008, applies in this case.

### Count Eleven
### Conspiracy to Commit Forced Labor, Trafficking with Respect to Forced Labor, and Document Servitude

3. Pursuant to U.S.S.G. § 2X1.1, the Base Offense Level is the guideline for the substantive offense plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.

   a. The guideline for the substantive offenses of forced labor, trafficking with respect to forced labor, and document servitude is U.S.S.G. § 2H4.1. This guideline carries a base offense level of 22.

   b. Specific Offense Characteristic § 2H4.1(b)(1)(B) applies because victims sustained serious bodily injury. This Specific Offense Characteristic results in an increase of 2 levels.

   c. Specific Offense Characteristic § 2H4.1(b)(3)(A) applies because victims were held in a condition of peonage and involuntary servitude for more than one year. This Specific Offense Characteristic results in an increase of 3 levels.

   d. Specific Offense Characteristic § 2H4.1(b)(4)(A) applies because another felony offense was committed during the commission of, or in connection with, the peonage or involuntary servitude offense. This Specific Offense Characteristic results in an increase of 2 levels.

   e. The Base Offense Level pursuant to U.S.S.G. § 2H4.1 is 29.

4. Lassissi Afolabi knew or should have known that the victims were vulnerable victims, pursuant to U.S.S.G. § 3A1.1(b)(1). This results in an increase of 2 levels.

5. The total offense level for Count 11 is 31.

Count Thirteen<br>Forced Labor of P.H.

6. The applicable guideline is U.S.S.G. § 2H4.1. This guideline carries a Base Offense Level of 22.

7. Specific Offense Characteristic § 2H4.1(b)(1)(B) applies because P.H. sustained serious bodily injury. This Specific Offense Characteristic results in an increase of 2 levels.

8. Specific Offense Characteristic § 2H4.1(b)(3)(A) applies because P.H. was held in a condition of peonage and involuntary servitude for more than one year. This Specific Offense Characteristic results in an increase of 3 levels.

9. Specific Offense Characteristic § 2H4.1(b)(4)(A) applies because another felony offense was committed during the commission of, or in connection with, the peonage or involuntary servitude offense. This Specific Offense Characteristic results in an increase of 2 levels.

10. Lassissi Afolabi knew or should have known that P.H. was a vulnerable victim, pursuant to U.S.S.G. § 3A1.1(b)(1). This results in an increase of 2 levels.

11. The total offense level for Count Thirteen is 31.

Count Twenty-Three<br>Traveling for Purpose of Engaging<br>in Illicit Sexual Conduct with S.X.

12. The applicable guideline is U.S.S.G. § 2G1.3. This guideline carries a Base offense level of 24.

13. Specific Offense Characteristic § 2G1.3(b)(1)(B) applies because S.X. was in the custody, care, or supervisory control of Lassissi Afolabi. This Specific Offense Characteristic results in an increase of 2 levels.

14. Specific Offense Characteristic § 2G1.3(b)(4)(A) applies because the offense involved the commission of a sexual contact. This Specific Offense Characteristic results in an increase of 2 levels.

15. Lassissi Afolabi knew or should have known that S.X. was a vulnerable victim, pursuant to U.S.S.G. § 3A.1.1(b)(1). This results in an increase of 2 levels.

16. The total offense level for Count 23 is 30.

### Multiple Counts Adjustment

17. Pursuant to U.S.S.G. § 3D1.2, Counts Eleven and Thirteen do not group together.

18. Pursuant to U.S.S.G. § 3D1.4, there are 3 units, requiring a 3-level upward adjustment to the group with the highest level offense, that is 31. Accordingly, the combined offense level is 34.

### Acceptance of Responsibility

19. As of the date of this letter, Lassissi Afolabi has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Lassissi Afolabi's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

20. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Lassissi Afolabi is 32 (the "agreed total Guidelines offense level").

### Other Stipulations

21. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 32 is reasonable.

22. Lassissi Afolabi knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 32. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 32. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal

history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

23. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.